UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
                                                    )
IN RE:                                              )        CHAPTER    11
                                                    )
EL MARIACHI, LLC,                                   )        CASE NO.    07-32407 (ASD)
                                                    )
            DEBTOR.                                 )        RE: Doc. I. D. No.  26
                                                    )
------------------------------------------------------

**BRIEF MEMORANDUM ON MOTION FOR RELIEF FROM STAY
AND OTHER RELIEF**

Before the Court is a <u>Motion for Relief from Stay. . .</u> (Doc. I.D. No. 26) (hereafter the "Motion"), filed by Robert Lore and Laura E. Lore (hereafter, the "Movants") seeking relief as to certain real property.  Through the Motion the Movants seek (i) an order declaring that the automatic stay of 11 U.S.C. § 362(a) does not apply to the Movants' state law remedies to regain possession of the subject property, or, alternatively, relief from the automatic stay pursuant to Section 362(d) permitting them to pursue state court remedies in order to obtain possession of that property, and/or (ii) an order compelling the Debtor to immediately surrender the subject property pursuant to the equitable powers of the Court.  The Debtor responded with an <u>. . . Objection to Motion for Relief From Stay</u> (Doc. I.D. No. 30) (hereafter the "Objection"), asserting that the Property "is necessary for [an] effective reorganization" and representing "[t]he Debtor will provide adequate protection payment."

The following facts are derived from evidence presented at a hearing on the Motion and the Objection, a review of the electronic recording thereof, a <u>Joint Stipulation of Facts</u> (Doc. I.D. No. 43) (hereafter, the "Joint Stipulation"), and relevant files and records of the

case.

1. On or about May 17, 2000, the Debtor, El Mariachi LLC, entered into a commercial lease (hereafter, the "Lease") with the Movants for occupancy of property owned by the Movants located at 129-1 Danbury Road, New Milford Connecticut (hereafter, the "Property).

2. At all relevant times the Debtor operated a restaurant on the Property.

3. The Lease was for a five-year term, commencing on July 15, 2000 and ending on July 14, 2005 . The Lease expired according to its terms on July 14, 2005, and was not thereafter formally renewed, extended, or modified by the parties.

4. Following July 14, 2005, the Debtor continued to occupy the Property, making monthly payments, on occasion, in amounts less than the amount which would have been required had the Lease been extended in accordance with its terms.

5. On October 18, 2007 ( hereafter, the "Petition Date"), the Debtor commenced the instant bankruptcy case through the filing of a voluntary petition pursuant Chapter 11 of the United States Bankruptcy Code. The Lease was not scheduled in connection with this bankruptcy case.

6. In December, 2007, the Property, which originally consisted of 6400 square feet, was reduced by 1700 square feet, to a total of 4700 square feet, after the Debtor orally agreed to occupy less space. The 1700 square feet given up by Debtor is occupied by a fish market. Following the Petition Date, through the date of the Hearing, the Debtor has continued to use and occupy the 4700 square feet of space at the Property as a restaurant.

7. Between July 14, 2005, and the Petition Date, the principals of the Debtor and the Movants had several conversations related to the Debtor's continued occupancy of the

Property. These conversations included statements by the Movants to the Debtor following the space reduction that "when the debtor got caught up with the rental arrearage, the Movant would reduce the rent", or words to that effect.

Upon these facts the Court concludes that the Lease, and the Debtor's rights thereunder, were terminated according to the terms of the Lease prior to the Petition Date. Accordingly, the automatic stay protecting Debtor does not apply to actions by the Movants to regain possession of the Property under the express provisions of Section 362(b)(10).

Even in the absence of Section 362(b)(10), it is clear that on the Petition Date (i) the Debtor had no equity in the Lease, (ii) the Lease was not property of the bankruptcy estate, see 11 U.S.C. § 541(b)(2), and (iii) the Debtor's interest in the Property had been reduced to that of a bare possessor. "'[A] mere possessory interest in real property, without any legal accompanying interest, is sufficient to trigger the protection of the automatic stay.'" In re Fitzgerald, 237 B.R. 252, 258 (Bankr. D. Conn. 1999) (citing 48th Street Steakhouse, Inc. v. Rockerfeller Group, Inc. (In re 48th Street Steakhouse), 835 F.2d 427, 430 (2nd Cir. 1987), cert. denied, 485 U.S. 1035 (1988)). However, having established, *inter alia*, that (i) the Lease terminated prior to the commencement of the bankruptcy case, (i) the Debtor may not assume or assign the Lease under the terms of Section 365,[1] and (iii) the Debtor was left with only a bare possessory interest in the Property on the Petition Date, the Movants have established "cause", and met their initial burden for stay relief under Section 362(d). Id. at 262.

The Debtor has not established serious questions, issues or facts, or any other basis, sufficient to deny or condition the relief to be ordered pursuant to the Motion. As

---

[1] "Cause" for relief from the automatic stay may spring from a debtor's inability to assume a lease pursuant to §365(a). *In Re: M&R Apparel, Inc*., 92 B.R. 565, 567 (Bankr. D. Conn. 1988).

neither the Property nor the Lease is property of the bankruptcy estate, the Property is not "necessary for [an] effective reorganization". There are no facts here that by law or equity warrant a reversal of the Lease termination, an extension or renewal of the same, or a declaration of a new lease. At most the Movants were willing to discuss a rent reduction, upon satisfaction of the rent arrearage. The amount of any rent reduction, however, was not discussed. And although the Debtor's principals assumed, and one could infer, that discussions of a new lease would logically follow or be associated with satisfaction of the rent arrearage, and a reduction in rent, a new lease, and/or the terms of any new lease, were never discussed.

In accordance with the above, the Motion shall be granted, permitting the Movants to pursue their state court remedies. Under the circumstances of this case the 10-day stay of Fed. R. Bankr. P. 4001(a)(3), if applicable, shall be deemed inapplicable so that the Movants may immediately exercise their right to possession of the Property in accordance with applicable non-bankruptcy law.

An Order to this effect will enter simultaneously with this Brief Memorandum.

Dated: July 13, 2008                                              BY THE COURT

                                                                  Albert S. Dabrowski
                                                                  Chief United States Bankruptcy Judge